| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HENDRICKS COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HENDRICKS | ) | CAUSE NO. 32D04-1002-CT-4 |

| | |
|---|---|
| TONDA R. LOVINS, as parent of LUKE STAN LOVINS | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ALFREDO MARTINEZ; CONTRACT ROOFING & SIDING, INC.; ISRAEL GARZA d/b/a CONTRACT ROOFING & SIDING; STAN LOVINS, SR.; BRIDGESTONE AMERICAS, INC.; RETREAD PARTNERS, LLC; and MARTY'S USED CAR AND TRUCK PARTS, INC. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, Tonda R. Lovins, as parent of Luke Stan Lovins by counsel, James E. Waters and Duane C. Martin, for her cause of action against the Defendants, Alfredo Martinez; Contract Roofing & Siding, Inc., Israel Garza d/b/a Contract Roofing & Siding, Stan Lovins, Sr., Bridgestone Americas, Inc., Retread Partners, LLC and Marty's Used Car and Truck Parts, Inc., alleges and asserts the following:

1. At all times relevant the Plaintiff, Tonda R. Lovins was a resident of Cloverdale, County of Putnam, State of Indiana.

2. Tonda R. Lovins is the parent of Luke Stan Lovins.

3. Stan Lovins, Sr., is the biological father of Luke Stan Lovins.

4. That Stan Lovins, Sr., has been named as a party Defendant in this action pursuant to the authority found at Indiana Code 34-23-2-1 in order to answer to his interest, if any, herein.

5. At all times relevant herein, Luke Stan Lovins was twenty-two (22) years old having been born August 12, 1987.

6. That Luke Stan Lovins was enrolled in post-secondary education.

7. At all times relevant herein, the Defendant Alfredo Martinez was apparently a resident of St. Louis, Missouri.

8. At all times relevant herein, Defendant Contract Roofing & Siding, Inc., was an Ohio corporation with the principal place of business located at 6501 Cornell Road, Cincinnati, Ohio 45242.

9. At all times relevant herein, Defendant Israel Garza had a business known as Contract Roofing & siding with a principal place of business located at 6501 Cornell Road, Cincinnati, Ohio 45242.

10. Defendant, Israel Garza is believed to be a citizen of the State of Ohio and does business as Contract Roofing and Siding with the principal place of business located at 6501 Cornell Road, Cincinnati, Ohio 45242.

11. Defendant, Bridgestone Americas, Inc., is believed to be an Ohio corporation that maintains its principal place of business at 1200 Firestone Parkway, Akron, Ohio 44317-0001.

12. Defendant, Retread Partners, LLC is believed to be a Missouri Limited Liability Company that maintains its principal place of business at 2606 Rock Hill Industrial Court, St. Louis, Missouri 63144.

13. Defendant, Marty's Used Car and Truck Parts, Inc., is believed to be an Illinois corporation that maintains its principal office at 2014 Camp Jackson Road, Cahokia, Illinois 62206-2564.

## COUNT I

1. On June 20, 2009, at approximately 6:00 p.m., Luke Stan Lovins was operating a 2005 Chevrolet Malibu eastbound on Interstate 70 marker 66.4 when Defendant Alfredo Martinez operating a 2000 Ford F-350 westbound on Interstate 70 lost control of his vehicle which crossed the median and struck the Lovins automobile with the accident occurring in Hendricks County, Indiana.

2. The proximate cause of the above-referenced collision was the negligence of Defendant Alfredo Martinez in his failure to safely operate his vehicle upon a public highway.

3. That on June 20, 2009, Defendant, Alfredo Martinez was operating his truck during the scope of his employment with Defendant, Contract Roofing and Siding. Inc.

4. That Defendant, Contract Roofing and Siding, Inc., is liable for the negligence of their employee, Alfredo Martinez, under the doctrine of respondeat superior.

5. As a direct and proximate result of the negligence of the Defendant, Alfredo Martinez, Luke Stan Lovins died and Tonda R. Lovins has lost the love, companionship, care and affection of her son, Luke Stan Lovins.

## COUNT II

1. That Defendant, Alfredo Martinez, was operating the truck that was the proximate cause of the accident of June 20, 2009 during the course and scope of his employment by Defendant, Israel Garza.

2. Defendant, Israel Garza, owned the truck operated by Defendant, Alfredo Martinez, who was an employee of Israel Garza on June 20, 2009, when Alfredo Martinez failed to maintain control of the truck thereby causing the accident.

3. Defendant, Israel Garza is liable for the negligence of Alfredo Martinez under the

doctrine of respondeat superior.

4. As a direct and proximate result of the negligence of the Defendant, Israel Garza, Luke Stan Lovins died and Tonda R. Lovins has lost the love, companionship, care and affection of her son, Luke Stan Lovins.

## COUNT III

1. Defendant, Bridgestone Americas, Inc., manufactured the tire that was on the left front of the truck being operated by Defendant, Alfredo Martinez and sold or otherwise put the tire into the stream of commerce in the year 2000.

2. That the Bridgestone tire was in a defective condition that made the product unreasonably dangerous to any user or consumer when the tire was put into the stream of commerce.

3. Defendant, Bridgestone Americas, Inc., failed to exercise reasonable care under the circumstances in the design of the tire.

4. This action is commenced against Bridgestone Americas, Inc., ten (10) years after the delivery of the defective tire to the initial user or consumer

5. The Bridgestone Americas, Inc., tire that was mounted on the left front of the Defendant, Alfredo Martinez's truck was in a condition that was not foreseeable by reasonable persons expected to be users or consumers of the tire designed and manufactured by Defendant, Bridgestone Americas, Inc.

6. The Defendant, Bridgestone Americas, Inc., tire that was mounted on the Defendant, Alfredo Martinez's truck did not comply with applicable codes, standards regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by any agency of the United States or Indiana.

7. The accident of June 20, 2009 was proximately caused, in whole or part, by Bridgestone Americas, Inc., defective design and/or manufacture of the tire that was mounted on the left front of the truck operated by Defendant, Alfredo Martinez.

8. As a direct and proximate result of the negligence of the Defendant, Bridgestone Americas, Inc., Luke Stan Lovins died and Tonda R. Lovins has lost the love, companionship, care and affection of her son, Luke Stan Lovins.

## COUNT IV

1. That Defendant, Retread Partners, LLC, designed and manufactured in 2002 the retread tire that was later purchased by Alfredo Martinez and mounted on the left front wheel of his truck.

2. That Defendant, Retread Partners, LLC sold or otherwise put the retread tire into the stream of commerce.

3. That the retread tire designed and manufactured by Retread Partners, LLC was in a defective condition that created an unreasonable danger to any user or consumer in the stream of commerce likely to use or purchase the retread tire.

4. That Defendant, Retread Partners, LLC is engaged in the business of selling retread tires like the one that was mounted on the left front wheel of Defendant, Alfredo Martinez's truck on June 20, 2009.

5. That this action is commenced against Defendant, Retread Partners, LLC within ten (10) years after the delivery of the retread tire to the initial user or consumer.

6. That prior to the sale of the retread tire that was mounted on the Martinez truck, it was not in conformity with the generally recognized state of art applicable to the safety of the retread tire at the time it was designed, manufactured, packaged and labeled.

7. That prior to the sale of the retread tire purchased by Defendant, Alfredo Martinez, the retread tire did not comply with applicable codes, standards, regulations or specifications established, adopted, promulgated or approved by the United States or the State of Indiana, or by an agency of the United States or the State of Indiana.

8. That the accident of June 20, 2009 in Hendricks County, Indiana, was proximately caused, in whole or part, by Defendant, Retread Partners, LLC, defective design and/or manufacture of the retread tire that was mounted on the Alfredo Martinez's truck.

9. As a direct and proximate result of the negligence of the Defendant, Retread Partners, LLC, Luke Stan Lovins died and Tonda R. Lovins has lost the love, companionship, care and affection of her son, Luke Stan Lovins.

## COUNT V

1. That Defendant, Marty's Used Car and Truck Parts, Inc., was in the business of selling retread tires and did sell the tire that was mounted on the left front wheel of the truck that was operated by Defendant, Alfredo Martinez on June 20, 2009.

2. That the defective tire that was purchased by Alfredo Martinez from Defendant, Marty's Used Car and Truck Parts, Inc., burst and came apart causing the truck to cross the median striking the vehicle operated by Luke Stan Lovins on June 20, 2009.

3. That Defendant, Marty's Used Car and Truck Parts, Inc., knew or should have reasonably known that the tire sold to Alfredo Martinez was defective and not fit to be used on the public streets or highways.

4. That by making the sale under these circumstances the Defendant, Marty's Used Car and Truck Parts, Inc., impliedly warranted that the tire sold to Alfredo Martinez was reasonably fit for the purpose intended.

merchantable and comparable to the quality of products generally accepted in the Defendant, Marty's Used Car and Truck Parts, Inc., trade and industry.

6. That the tire was defective in that the tire burst apart and the defect made the tire worthless.

7. That Defendant, Marty's Used Car and Truck Parts, Inc., breached the Implied Warranty of Merchantability when they sold Defendant, Alfredo Martinez, the defective tire that was used upon the public highway on June 20, 2009.

## COUNT VII

For Count VII of this Amended Complaint for Damages against Defendant, Marty's Used Car and Truck Parts, Inc., Plaintiff, Tonda R. Lovins, incorporates herein by reference the allegations contained in Counts V and VI, paragraphs 1 through 3:

1. That Defendant, Marty's Used Car and Truck Parts, Inc., was in the business of selling retread tires and did sell the tire that was mounted on the left front wheel of the truck that was operated by Defendant, Alfredo Martinez on June 20, 2009.

2. That the defective tire that was purchased by Alfredo Martinez from Defendant, Marty's Used Car and Truck Parts, Inc., burst and came apart causing the truck to cross the median striking the vehicle operated by Luke Stan Lovins on June 20, 2009.

3. That Defendant, Marty's Used Car and Truck Parts, Inc., knew or should have reasonably known that the tire sold to Alfredo Martinez was defective and not fit to be used on the public streets or highways

4. That the negligence of Marty's Used Car and Truck Parts, Inc., in selling the defective tire to Alfredo Martinez was the proximate cause of the accident that occurred on June 20, 2009.

8

5. As a direct and proximate result of the negligence of the Defendant, Marty's Used Car and Truck Parts, Inc., Luke Stan Lovins died and Tonda R. Lovins has lost the love, companionship, care and affection of her son, Luke Stan Lovins.

WHEREFORE, the Plaintiff Tonda R. Lovins, as parent of Luke Stan Lovins, respectfully prays for judgment from the Defendants Alfredo Martinez; Contract Roofing & Siding, Inc., Israel Garza d/b/a Contract Roofing and Siding, Stan Lovins, Sr., Bridgestone Americas, Inc., Retread Partners, LLC and Marty's Used Car and Truck Parts, Inc., in an amount reasonably calculated to compensate her for the damages which she has incurred as a result of the wrongful death of her son, Luke Stan Lovins, the costs of this action, and for all other relief that are just and proper in the premises.

Respectfully submitted,

MILLER, WATERS, MARTIN & HALL

_____
James E. Waters, Attorney for the Plaintiff
Attorney #: 2309-49

_____
Duane C. Martin, Attorney for the Plaintiff
Attorney #: 11625-49

## REQUEST FOR A JURY TRIAL

The Plaintiff, Tonda R. Lovins, as parent of Luke Stan Lovins, by counsel, respectfully requests a trial by jury in this matter.

Respectfully submitted,

MILLER, WATERS, MARTIN & HALL

_____
James E. Waters, Attorney for the Plaintiff
Attorney #: 2309-49

_____
Duane C. Martin, Attorney for the Plaintiff
Attorney #: 11625-49

MILLER, WATERS, MARTIN & HALL
101 West Ohio Street, Suite 660
Indianapolis, Indiana 46204
(317) 684-3400
2-466-09